**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JAMES B. WELLS,[1]                        *
                                          *
    Plaintiff,                            *
                                          *
    v.                                    *        Civil Action No. 26-1211
                                          *
CENTRAL INTELLIGENCE AGENCY               *
Washington, D.C. 20505                    *
                                          *
    Defendant.                            *
                                          *
*    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq.,

as amended, seeking the production of records responsive to a request submitted by Plaintiff

James B. Wells, Ph.D. ("Dr. Wells") to Defendant Central Intelligence Agency ("CIA").

## JURISDICTION

1.  This Court has both subject matter jurisdiction over this action and personal jurisdiction

over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.  Plaintiff Dr. Wells is a U.S. citizen who requested responsive records via the FOIA.

He retired after over four decades in academia, primarily as a Professor of Criminology and

Criminal Justice at Eastern Kentucky University's College of Justice, Safety and Military

Science. He authored an investigative memoir, *Because: A CIA Coverup and a Son's Odyssey to*

---

[1] Pursuant to Local Civil Rule 5.1(c)(1), Plaintiff's residential address is being filed under seal
with the Court in a separate Notice of Filing.

*Find the Father He Never Knew* (Milspeak Books, 2025)(the "Memoir"), which chronicles a decades-long search to uncover details about the death of his father, Jack J. Wells, in Vietnam in 1965. The Memoir received nine individual literary awards to date.

4. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the requested records that are the subject of this action.

## **FACTS**

5. This lawsuit demonstrates one of the silver linings of Congress having passed FOIA more than six decades ago: it affords citizens with the statutory right to learn about the government activity of family members in service of this Nation. In this case, it is CIA records documenting the circumstances surrounding the tragic death of Dr. Wells' father.

6. For context, Major Jack J. Wells ("Major Wells") was working in 1965 for the U.S. Agency for International Development ("USAID") as a Senior Public Safety Advisor. In a September 28, 1965, media report, the Department of State ("State") officially disclosed that Major Wells had died when Viet Cong guerillas shot down the twin-engine plane on which he was a passenger near an airstrip 25 miles northwest of what was then known as Saigon (modern day Ho Chi Minh City). State disclosed that the pilots of the aircraft worked for Air America Corporation ("Air America"), which owned the plane. Major Wells is the only passenger listed as having been on the plane. Verification of this official disclosure was declassified on July 8, 2004, by way of a Memorandum for the Record (the "Memorandum"), dated September 27, 1965. Defendant CIA officially confirmed decades ago that Air America was one its operations and an asset.

7. At the time of his father's passing, Dr. Wells was only nine years old. Due to his father's military service in Vietnam prior to working for USAID, as well as work he performed across

the American Southeast for the U.S. Corps of Engineers, Dr. Wells never really had much of an opportunity to get to know his father. In 1991, Dr. Wells and his two siblings, Dr. Ora John Wells and Kathleen Wells Dotts, became aware of 400 personal letters between their father and their late mother, Betty Wells (who passed away in 2008, having never remarried), and which overlapped with their father's time working and deployed overseas. That correspondence gave Dr. Wells insight into the type of man his father was and the strength of his parents' marriage during such troubled times.

8. Through review of this correspondence, U.S. Government records from the Cold War that have since been declassified, and field interviews with U.S. Government and Vietnamese personnel familiar with the crash, Dr. Wells has identified information that calls into question the official statements made by the State Department in 1965. This includes evidence that Major Wells was not the only passenger on the flight when it crashed, as well as eyewitness testimony calling into question the official narrative that the plane was brought down by enemy fire. The details of some of these contradictions were outlined by Dr. Wells in his Memoir.

9. The purpose of this FOIA lawsuit is to bring to light official government activity during a tumultuous time but also to provide a measure of closure and finality to the efforts of Dr. Wells and his siblings to learn the complete story of why their father made the ultimate sacrifice for this country and died six decades ago.

## <u>COUNT ONE</u>

10. By letter dated May 22, 2015, Dr. Wells submitted a FOIA request to Defendant CIA.

11. The FOIA request sought "information or records on the crash investigation of the Air America Beechcraft C-45G (Registration N9574Z) at the Bao Tri airstrip, Hau Nghia Province, at 1310 hours, on September 27, 1965." The request also sought a declassification review of the

Memorandum, especially since Dr. Wells specifically noted the passage of 50 years since the crash. He also outlined that his submission was for educational research purposes and therefore justified his request for a fee waiver.

12. By letter dated August 7, 2015, Defendant CIA acknowledged receipt of the FOIA request and assigned it request number F-2015-01777. Additionally, Defendant CIA noted that the Memorandum had been identified as CREST Doc. CIA-DP80B01676R001500060206-4. It also denied Dr. Wells' request for a fee waiver but did place his request in the "educational" fee category.

13. By letter dated November 13, 2016, Dr. Wells provided Defendant CIA with supplemental information regarding the scope of his request for records, namely the following: (a) the Accident Review Board that was scheduled to be conducted on October 11, 1965; (b) the Preliminary Report of Aircraft Accident; and (c) the Aircraft Accident/Incident Report (Final).

14. By letter dated July 11, 2017, Defendant CIA acknowledged receipt of the supplemental information provided by Dr. Wells.

15. By letter dated October 13, 2017, Defendant CIA issued a response to the FOIA request which indicated it located four previously released documents revealing an openly acknowledged affiliation, but it refused to confirm or deny the existence or non-existence of any records revealing any further classified association between it and Major Wells. Defendant CIA listed the basis for its refusal as relying upon FOIA Exemptions 1 and 3. With respect to the Memorandum, Defendant CIA stated it conducted a re-review of document and released a new version that lifted previous redactions. The new version of the Memorandum still maintained certain redactions in reliance upon FOIA Exemptions 1 and 3.

16. By letter dated December 11, 2017, Dr. Wells submitted a timely administrative appeal of Defendant CIA's response.

17. By letter dated January 5, 2018, Defendant CIA acknowledged receipt of Dr. Wells' administrative appeal.

18. By letter dated February 21, 2025, Defendant CIA issued a final response to Dr. Wells' administrative appeal which noted the Agency Release Panel ("ARP") determined that additional documents and information could be released. Specifically, the ARP authorized further searches for responsive records and identified seven additional documents. Six of those documents were released in full, and one was released in part, with redactions made in reliance of FOIA Exemptions 1, 3, and 6. The ARP further noted that additional redactions made to the Memorandum could be lifted, although other redactions remained in place in reliance of FOIA Exemptions 1, 3, and 6. Because the ARP had granted Dr. Wells' appeal in part, it noted that Dr. Wells had the right to file an additional administrative appeal.

19. By letter dated May 5, 2025, Dr. Wells submitted a second administrative appeal.

20. To date, Defendant CIA has not issued a substantive response to Dr. Wells' second administrative appeal.

21. Dr. Wells has constructively exhausted all requisite administrative remedies.

22. Dr. Wells is entitled to receipt of non-exempt copies of all records responsive to his FOIA request.

WHEREFORE, Plaintiff James B. Wells prays that this Court:

(1) Orders Defendant CIA to disclose non-exempt copies of the requested records in their entirety and make copies promptly available to him;

(2)  Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and,

(4) grant such other relief as the Court may deem just and proper.

Date:   April 10, 2026

Respectfully submitted,

/s/ *Bradley P. Moss*

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 907-7945
(202) 558-4432 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for the Plaintiff